IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY PARKS, | ) |
|     Movant, | ) |
| | ) |
| v. | ) No. 2:23-cv-02755-SHL-atc |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is pro se Movant Anthony Parks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 1, 2023. (ECF No. 1.) Respondent United States of America responded on January 30, 2024. (ECF No. 6.) On February 2, 2024, Parks filed an addendum to his initial motion. (ECF No. 7.)[1]

For the reasons stated below, the Motion is **DENIED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

    A.  **Criminal Case No. 20-cr-20107-SHL**

On June 9, 2020, a federal grand jury in the Western District of Tennessee returned a six-count indictment against Parks and co-Defendant Bridgette Stafford. (Criminal ("Cr.") ECF No. 2.) Parks was charged in four of the counts: conspiring to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count 1); possessing with the intent to distribute a controlled substance, that is, methamphetamine, in

---

[1] On March 4, 2024, Parks filed a Motion for Default Judgment (ECF No. 8), which the Court denied two days later (ECF No. 9).

violation of 21 U.S.C. § 841(a)(1) (Count 2); knowing possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4); and knowingly possessing in and affecting interstate commerce firearms, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count 5).  (See id.)

On December 15, 2020, Parks entered into a voluntary plea agreement with the United States.  (Cr. ECF No. 65.)  He pled guilty to Count 4, the § 924(c) Count, which charged him with knowingly possessing four firearms during and in relation to a drug-trafficking crime, and the Government agreed to dismiss Counts 1, 2, and 5.  (Id. at PageID 79–80.)  The Court entered judgment on June 9, 2021, sentencing Parks to seventy-two months imprisonment, to be followed by three years of supervised release.  (ECF No. 112 at PageID 305, 306.)

**B.  Parks' § 2255 Motion**

In his Motion, Parks states four grounds for relief under § 2255: ineffective assistance of counsel (ECF No. 1 at PageID 4); involuntary plea (id. at PageID 5); counsel conspired with government to coerce movant's waiver of appeal rights (id. at PageID 6); and that the "District Court erred in accepting plea (Fed. R. Crim. P. 11) 'No Factual Basis'" (id. at PageID 8).  Parks also asserts that his motion should be subject to equitable tolling and is not barred by 28 U.S.C. § 2255's one-year statute of limitations based on "Newly Discovered Evidence," "Intervening Change of law," "miscarriage of Justice," and "actual innocence."  (ECF No. 1 at PageID 10.)

The Government does not address the substance of the Motion in its response.  Instead, it asserts that the Motion was not timely filed within the one-year statute of limitations found in 28 U.S.C. § 2255(f).  (ECF No. 6 at PageID 27.)  As described below, the Court agrees.

## II. APPLICABLE LAW

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006) (citations omitted).

A one-year statute of limitations applies to petitions brought under 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under Federal Rule of Appellate Procedure 4(b)(1), "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." When no

3

direct appeal is filed, the judgment of conviction becomes final when the time for filing a notice of appeal expires.  See Sanchez–Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004).

## III.   ANALYSIS

Parks failed to timely file his § 2255 petition and has not articulated a basis that would demonstrate an entitlement to equitable tolling.  Therefore, the Court does not reach the question of whether there was an error of constitutional magnitude in the underlying proceeding, whether a sentence outside the statutory limits was imposed, or whether an error of fact or law that was so fundamental occurred as to render the entire proceeding invalid.  Instead, as is explained below, Parks' petition is denied as untimely.

Because Parks did not file a notice of appeal after the June 9, 2021 judgment, his conviction became final fourteen days later, on June 23.  28 U.S.C. § 2255(f)(1).  Parks filed his Motion in December 2023, more than two years later, well outside 28 U.S.C. § 2255(f)'s one-year limitations period.  Parks does not argue that any of the § 2255(f) grounds supporting a different start to the limitations period apply here and instead "[r]elies upon [e]quitable tolling." (ECF No. 1 at PageID 10.)  However, Parks does not explain how equitable tolling would apply to any of the bases for the relief that he seeks.

"The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham–Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560–61 (6th Cir. 2000)).  And, although the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases," the doctrine "is used sparingly by federal courts."  Id. at 783–84 (citations omitted).  To be entitled to equitable tolling, a habeas petitioner must show

4

both that he (1) has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. Id. at 784 (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

Parks has neither argued nor demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his petition. The bulk of his claims focus on ways in which his counsel was ineffective leading up to his plea agreement, and even asserts that "Counsel knew movant was unsatisfied with Counsel's [r]epresentation and outcome." (ECF No. 1 at PageID 6.) Nothing in the record suggests that Parks could not have filed his petition within the limitations period, undermining any claim that he diligently pursued his rights. Similarly, there are no extraordinary circumstances that prevented him from timely filing his petition. Parks is not entitled to equitable tolling.[2]

Therefore, the Court **DENIES** the § 2255 Motion. The § 2255 Motion is **DISMISSED WITH PREJUDICE**. Judgment shall be entered for the United States.

## IV.     APPEAL ISSUES

28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

---

[2] In his addendum, Parks restates some of the grounds asserted in his initial petition, and also includes several frivolous claims, including that the undersigned "is without [a]uthority to [a]djudicate this matter," as well as assertions that his attorney failed to tell him that the United States was a corporation and that the United States declared bankruptcy. (See ECF No. 7 at PageID 30, 31.) None of those grounds demonstrate a basis for relief and, as important, none speak to why Parks should be entitled to the equitable tolling.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." Moody v. United States, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable." Id.; see also id. ("Again, a certificate is improper if any outcome-determinative issue is not reasonably debatable.").

There can be no question that the issue raised in Parks's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Parks on the issue raised does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.[3]

**IT IS SO ORDERED,** this 30th day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If Parks files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.